Paul A. Turcke (ISB No. 4759)
MSBT Law
7699 West Riverside Drive
Boise, ID 83714
Telephone: (208) 331-1807
Facsimile: (208) 331-1202
Email: pat@msbtlaw.com

James Kaste (WSB No. 6-3244)
Deputy Attorney General
Erik Petersen (WSB No. 7-5608)
Senior Assistant Attorney General
Wyoming Attorney General's Office
2320 Capitol Ave.
Cheyenne, Wyoming 82002
Telephone: (307) 777-7895
Facsimile: (307) 777-3542
james.kaste@wyo.gov
erik.petersen@wyo.gov

*Counsel for the State of Wyoming*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, WILDEARTH GUARDIANS, CENTER FOR BIOLOGICAL DIVERSITY, AND PRAIRIE HILLS AUDUBON SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>KATHERINE MACGREGOR, Assistant Secretary of the Interior, BUREAU OF LAND MANAGEMENT, and U.S. FOREST SERVICE,<br><br>Defendants, and<br><br>STATE OF WYOMING, , *et al.*,<br><br>Defendant-Intervenors. | Case No. 1:16-cv-83-EJL<br><br>**STATE OF WYOMING AND WESTERN ENERGY ALLIANCE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT** |

## INTRODUCTION

Western Watersheds Project, WildEarth Guardians, the Center for Biological Diversity, and the Prairie Hills Audubon Society (the Advocacy Groups) have moved this Court for leave to file a supplemental complaint. (ECF_118). While supplemental complaints are typically favored, they cannot be used to introduce a separate, distinct, and new cause of action. In the context of administrative law, if two agency actions are supported by separate administrative records, those two actions are distinct and should be challenged in separate actions. That is precisely the situation here. Accordingly, this Court should deny the pending motion to supplement and require the Advocacy Groups to pursue their challenge to the new agency action in a separate lawsuit.

## BACKGROUND

In September 2015, the Bureau of Land Management and the Forest Service issued a number of federal land use plan amendments related to sage-grouse management, which are embodied in a set of Records of Decision. (ECF_118-1 at 3). As the Advocacy Groups state, this was the "culmination" of the prior administration's National Sage-Grouse Planning Strategy. *Id*. In 2016, the current administration decided to review and potentially revise and replace the 2015 land use plan amendments. *Id*. at 4. According to the Advocacy Groups, in 2017 the

current administration decided to make "numerous" modifications to the 2015 plans. *Id*. at 5.

On March 15, 2019, the Bureau issued six Records of Decision that adopted new federal land use plan amendments in Colorado, Idaho, Nevada/Northeastern California, Oregon, Utah, and Wyoming. *Id*. at 7. The Advocacy Groups contend that these amendments "substantially" changed the land use plans. *Id*. The Forest Service has not yet issued any changes to its land use plans, but it appears poised to do so. *See id*. at 6.

The Advocacy Groups now ask this Court for leave to file a supplemental complaint in order to challenge the 2019 Records of Decision and the associated 2018 Environmental Impact Statements. *Id*. at 2, 7. The relief that the Advocacy Groups seek is for this Court to vacate and remand the 2019 amendments and maintain the 2015 amendments in their place. (ECF_118-2 at 49-50). But even if they accomplish that, the Advocacy Groups intend to challenge the legality of the 2015 amendments. (*See* ECF_118-1 at 12).

## ARGUMENT

The Advocacy Groups have moved this Court for permission to file a supplemental complaint pursuant to Federal Rule of Civil Procedure 15(d). (ECF_118). While such motions are often favored in order "to promote as complete an adjudication of the dispute between the parties as possible," courts should not

allow a plaintiff to file a supplemental complaint if "some particular reason for disallowing appears." *Keith v. Volpe*, 858 F.2d 467, 473-474 (9th Cir. 1988) (citation omitted). Such a reason exists here.

"While leave to permit supplemental pleading is 'favored,' it cannot be used to introduce a 'separate, distinct and new cause of action.'" *Ctr. for Food Safety v. Vilsack*, 2011 U.S. Dist. LEXIS 21275, at \*10 (N.D. Cal., Feb. 18, 2011) (citing *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)). That is what the Advocacy Groups are trying to do here. The district court's opinion in *Vilsack* shows why this Court should deny their attempt to do so.

In *Vilsack*, the plaintiffs originally challenged a September 1, 2010, decision by the Department of Agriculture to permit sugar beet seed producers to plant Roundup Ready Sugar Beet stecklings in the fall of 2010. 2011 U.S. Dist. LEXIS 21275, at \*3. Specifically, the plaintiffs alleged that the Department of Agriculture violated the National Environmental Policy Act by not preparing an environmental analysis prior to issuing the authorizations in question. *Id*. Before this challenge was fully resolved, the Department of Agriculture issued a February 4, 2011, Environmental Assessment, which analyzed the impacts of the same activity in the spring of 2011, and a Finding of No Significant Impact. *Id*. at \*5. The plaintiffs then sought leave to file an amended complaint that would add a challenge to the Environmental Assessment and the Finding of No Significant Impact. *Id*. at \*4-5.

These challenges were clearly related to one another. But they were also distinct from one another. The district court found that a key factor distinguishing these two agency actions from one another was the fact that each relied upon its own administrative record. *Id*. at *11. "The Court determine[d] that Plaintiffs' challenge to the February 4, 2011, decision implicate[d] a separate administrative record subject to new judicial findings and should be the subject of a separate action." *Id*. (citing *Oregon Natural Resources Council, Inc. v. Grossarth*, 979 F.2d 1377, 1379-80 (9th Cir. 1992)). Accordingly, the district court denied the motion to amend, which it construed as a motion to file a supplemental complaint. *Id*. at *15.

The Court faces a similar situation here. The 2019 amendments build upon the 2015 amendments. But, taking the Advocacy Groups' complaint at face value, the 2015 amendments were the "culmination" of the prior administration's National Sage-Grouse Planning Strategy. (ECF_118-1 at 3). By contrast, the 2019 amendments are the culmination of a change in approach, with "numerous" modifications. *Id*. at 5. The advocacy groups allege that these modifications "substantially" changed the land use plans. *Id*. at 7. Given the differences between the 2015 and 2019 amendments, it is no surprise that they are supported by different administrative records. So, while the 2015 and 2019 amendments are related, they are distinct from one another. And, just as in *Vilsack*, they are distinct enough that

any challenge to the 2019 amendments "should be the subject of a separate action."[1] 2011 U.S. Dist. LEXIS 21275, at *11.

In addition, in exercising its discretion to permit supplemental pleading, a Court may consider other factors, including judicial efficiency. *Id.* at *10. The Advocacy Groups offer no evidence that the addition of six additional claims challenging six new Records of Decision will result in efficient resolution of these or the existing claims in this venue.

## CONCLUSION

This case is already complex. The Advocacy Groups challenge four separate Records of Decision, by two different federal agencies, covering ten states in both the Rocky Mountain and Great Basin regions. The Advocacy Groups also challenge fifteen Environmental Impact Statements. Their operative complaint is 107 pages long.

To the existing complaint, the Advocacy Groups request to add an additional six Records of Decision related to separate and distinct agency actions. The last thing this Court or the parties need is for this case to become even more complicated through the addition of more claims, more Records of Decision, and more

---

[1] The Advocacy Groups also seek leave to challenge a 2018 decision related to Sagebrush Focal Areas. (ECF_118-1 at 2). This agency action is also distinct from the Advocacy Groups' operative complaint. It should be pursued, along with the challenge to the 2019 amendments, in an action separate from this one.

Environmental Impact Statements. Courts have found that the existence of two different administrative records is sufficient justification to require plaintiffs like the Advocacy Groups to file a separate action to challenge the new agency action. This is something that the Advocacy Groups can easily accomplish, and this Court should require them to do so here.

Dated this 17th day of April, 2019.

Respectfully submitted,

/s/ Paul A. Turcke
Paul A. Turcke (ISB No. 4759)
MSBT Law
7699 West Riverside Drive
Boise, ID 83714
Telephone: (208) 331-1807
Facsimile: (208) 331-1202
Email: pat@msbtlaw.com

Local Counsel for the State of Wyoming and Western Energy Alliance

/s/ Erik Petersen
James Kaste (WY No. 6-3244)
Erik Petersen (WY No. 7-5608)
Wyoming Attorney General's Office
2320 Capitol Ave.
Cheyenne, Wyoming 82002
Telephone: (307) 777-7895
Facsimile: (307) 777-3542
eva.la@wyo.gov
james.kaste@wyo.gov
erik.petersen@wyo.gov

Counsel for the State of Wyoming

/s/ Bret A. Sumner
Bret A. Sumner (CO No. 38339)
Malinda Morain (CO No. 46986)
BEATTY & WOZNIAK, P.C.
216 16th Street, Suite 1100
Denver, CO 80202-5115
Telephone: (303)407-4499
Facsimile: (800)886-6566
bsumner@bwenergylaw.com
mmorain@bwenergylaw.com

Counsel for Western Energy Alliance

## CERTIFICATE OF SERVICE

I certify that on April 17, 2019, I electronically filed the foregoing with the Clerk of the U.S. District Court of Idaho using the CM/ECF system which sent a Notice of Electronic filing to the parties of record.

/s/ Erik Petersen