IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, WILDEARTH GUARDIANS, CENTER FOR BIOLOGICAL DIVERSITY, and PRAIRIE HILLS AUDUBON SOCIETY,<br><br>        Plaintiffs,<br><br>    v.<br><br>JANICE SCHNEIDER, Assistant Secretary of Interior; BUREAU OF LAND MANAGEMENT; and U.S. FOREST SERVICE,<br>        Defendants. | Case No. 1:16-CV-83-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it WWP's motion to file a supplemental complaint. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## ANALYSIS

The plaintiffs challenge 15 different Environmental Impact Statements (EISs) and their associated land use plans – issued in 2015 – that govern land covering ten western states. The EISs were issued as part of a National Planning Strategy by the BLM and Forest Service to update protections for sage grouse. Plaintiffs allege that the agencies artificially minimized the harms to sage grouse by segmenting their analysis into 15 sub-regions without conducting any range-wide evaluation, and bring claims under the

National Environmental Policy Act (NEPA), the Federal Land Policy and Management Act (FLPMA), and the National Forest Management Act (NFMA).

This lawsuit was stayed for a lengthy period as the parties pursued settlement. But more recently, the agencies have issued amendments (referred to as the 2019 Amendments) to the 2015 Plans. Plaintiffs have responded by filing a motion to file a supplement complaint to challenge the 2019 Amendments in this case. Defendants and intervenors object, arguing that any challenge to the 2019 Amendments should be filed in a new case.

Plaintiffs' motion is governed by Rule 15(d), which states that "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." The courts have generally granted motions to supplement under Rule 15(d) where a matter is still pending, and final judgment has not yet been entered. *LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113 (9th Cir. 1986).

The Court considered Rule 15(d) in *WWP v. Zinke,* 347 F.Supp.3d 554 (D. Id. 2018). By way of background, the case was a decade old by the time plaintiff WWP sought to file a supplemental complaint containing (1) a new legal challenge, and (2) a new substantive challenge that would require additional fact-finding. The latter challenge was somewhat separate from the issues raised in the original complaint and threatened to delay resolution of an already ancient case. Accordingly, the Court held that the new claims "belong in a new case." *Id.*

In the present case, the 2019 Amendments replace and modify only portions of the 2015 Amendments; other portions remain unaffected. For example, the 2015 Plans for Montana and the Dakotas were not affected by the 2019 Amendments. Moreover, in those instances where the 2019 Amendments replaced or modified the 2015 Plans, the plaintiffs allege that the 2019 Amendments are less protective of sage grouse and subject to the same challenges plaintiffs raised to the 2015 Plans – that they fail to take a range-wide analysis, evaluate climate change impacts, designate sage grouse ACECs, or adopt adequate regulatory mechanisms to protect sage grouse habitats and populations.

Under these circumstances, requiring plaintiffs to file a new lawsuit rather than a supplemental complaint would not do much to promote efficiency or lower costs. Indeed, requiring a new lawsuit would result in two active cases proceeding on parallel tracks that would eventually have to be reconciled. Given the patchwork-quilt effects of the 2019 Amendments – and the intertwined nature of these agency actions – it would be more efficient and cost-effective to allow the supplemental complaint to be filed in this case to further a global resolution of the challenges to both the 2015 Plans and the 2019 Amendments.

For these reasons, the Court will grant WWP's motion to file a supplemental complaint.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to file supplemental complaint (docket no. 118) is GRANTED.

**Memorandum Decision & Order – page 3**



DATED: May 2, 2019

_____
B. Lynn Winmill
U.S. District Court Judge