IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, WILDEARTH GUARDIANS, CENTER FOR BIOLOGICAL DIVERSITY, and PRAIRIE HILLS AUDUBON SOCIETY,<br><br>Plaintiffs,<br><br>v.<br><br>JANICE SCHNEIDER, Assistant Secretary of Interior; BUREAU OF LAND MANAGEMENT; and U.S. FOREST SERVICE,<br>Defendants. | Case No. 1:16-CV-83-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it two motions to sever and transfer brought by the Utah intervenors and the Wyoming intervenors.[1] The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions.

---

[1] The first motion was filed by the State of Utah, the Governor of Utah, the Utah Schools, and the State of Wyoming. For ease of reference, the Court will refer to this motion as having been filed by the Utah intervenors. The second motion was filed by the Wyoming Stock Growers Association, the Petroleum Association of Wyoming, and Western Energy Alliance. For ease of reference, the Court will refer to this motion as having been filed by the Wyoming intervenors.

**Memorandum Decision & Order – page 1**

# ANALYSIS

The original complaint in this case was brought by four different environmental groups challenging fifteen Environmental Impact Statements (EISs) issued in 2015 that govern land covering ten western states. The gist of plaintiffs' lawsuit was that the BLM and Forest Service artificially minimized the harms to sage grouse by segmenting their analysis into 15 sub-regions without conducting any range-wide evaluation – the agencies looked at the trees without looking at the forest, so to speak. The plaintiffs brought their claims under the National Environmental Policy Act (NEPA), the Federal Land Policy and Management Act (FLPMA), and the National Forest Management Act (NFMA).

The BLM filed a motion to sever and transfer arguing that, for example, the challenge to the Utah Plan should be transferred to Utah and the challenge to the Nevada Plan should be transferred to Nevada. The Court denied the motion, reasoning that "plaintiffs made overarching claims that applied to each EIS and RMP and required a range-wide evaluation that extended beyond the boundaries of any particular court." *See Memorandum Decision (Dkt. No. 86).*

As this litigation was underway, the Trump Administration came into office and began a process to review and revise the 2015 Sage-Grouse Plans. This litigation was put on hold pending that review. In 2017 that review was completed, and as a result, WWP alleges, Interior Secretary Ryan Zinke directed

agencies to relax restrictions on oil and gas development in sage grouse habitat. The BLM responded by issuing amendments to the Sage Grouse Plans (referred to as the 2019 Amendments). Plaintiffs supplemented their complaint to challenge the BLM's 2019 Amendments, alleging that the agency – acting at the direction of the Trump Administration – again made common errors across numerous Plans, including (1) failing to take a range-wide analysis, (2) failing to evaluate climate change impacts, and (3) generally removing protections for the sage grouse.

The Utah and Wyoming intervenors have filed a motion to transfer, arguing that the circumstances have changed since the Court denied the BLM's motion discussed above.[2] The intervenors argue that the interests of justice and the interests of local concerns justify transferring, for example, the Utah Plan challenges to Utah and the Wyoming Plan challenges to Wyoming. The intervenors argue that the challenges in this case are Plan-specific and will be unique to each State.

This argument, however, ignores plaintiffs' complaint. Plaintiffs allege that the challenged Plans suffer from common failings that did not result entirely from errors of local Field Offices but rather were heavily influenced by directions from the Trump Administration and the Interior Secretary. Transferring these cases to

---

[2] The Idaho intervenors join in the motions, arguing that the Court can more effectively focus on issues unique to Idaho if the other matters are severed and transferred to their respective States.

**Memorandum Decision & Order – page 3**

various States would require plaintiffs to make duplicative arguments and courts to render duplicative – and perhaps conflicting – decisions. The Court cannot agree with intervenors that circumstances have changed since the Court denied the earlier motion to sever and transfer. The Court will not repeat the analysis of that decision but will simply confirm its reasoning and once again deny these motions.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to sever and transfer (docket no. 144) and the motion to sever and transfer (docket no. 147) are DENIED.

DATED: August 16, 2019

B. Lynn Winmill
U.S. District Court Judge