Laurence J. ("Laird") Lucas (ISB # 4733)
llucas@advocateswest.org
Sarah Stellberg (ISB #10538)
sstellberg@advocateswest.org
Todd C. Tucci (ISB # 6526)
ttucci@advocateswest.org
Advocates for the West
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF IDAHO**

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BERNHARDT, Secretary of Interior, et al.,<br><br>Defendants. | Case No. 1:16-cv-00083-BLW<br><br>**PLAINTIFFS' STATUS REPORT** |

Plaintiffs submit this status report in accordance with the Court's Docket Entry Orders of January 20 and 28, 2021 (ECF Nos. 255, 260). Federal Defendants provided notice on January 13, 2021 of the completion of six final Supplemental Environmental Impact Statements (SEISs) related records of decision (RODs) pertaining to the 2019 Greater Sage-Grouse Land Use Plan Amendments. ECF No. 254. The Court sought a report from the parties on whether the information in that Notice impacts the pending motions for partial summary judgment pertaining to the 2017 SFA mineral withdrawal cancellation (ECF Nos. 235, 239).

PLAINTIFFS' STATUS REPORT – 1

These recent developments do not impact the pending motions. BLM initiated the SEIS process "to supplement and clarify the NEPA analysis BLM relied on *in approving its 2019 Sage Grouse Plan Amendments*." ECF No. 54 (emphasis added); *see also, e.g.*, Notice of Availability of the Final Idaho Sage Grouse Supplemental Environmental Impact Statement, 85 Fed. Reg. 74,380 (Nov. 20, 2020) (similarly explaining that the purpose of the SEISs was to "clarify" and "augment" the NEPA analysis that supported the 2019 Plan Amendments). The SEISs do not address or analyze the environmental effects of an SFA mineral withdrawal.

Even if they *did*, BLM could not rely on the SEISs as post-hoc support for its 2017 decision to cancel the proposed SFA mineral withdrawal. This is because logically, BLM could not possibly have relied upon the 2020 SEISs when making a decision in 2017. BLM also did not purport to reopen or revisit its 2017 cancellation decision through this recent SEIS process—the "decision" evaluated in the SEISs/RODs was whether BLM should initiate a new comprehensive land use plan amendment process for sage-grouse. *See* ECF No. 54; *see also, e.g.*, 85 Fed. Reg. 74,380. The Ninth Circuit has made clear that agencies cannot "cure" a NEPA violation with analysis that post-dates the relevant decision. Under NEPA, an EIS must be completed "early enough so that it can serve practically as an important contribution to the decision-making process and will not be used to rationalize or justify decisions already made." 40 C.F.R. § 1502.5; *see also Idaho Sporting Cong. Inc. v. Alexander*, 222 F.3d 562, 568 (9th Cir. 2000); *Save the Yaak Comm. v. Block*, 840 F.2d 714, 718–19 (9th Cir. 1988) (both rejecting agency attempts to cure deficient NEPA analysis after the relevant decision had already been made).

In short, the SEISs and associated RODs are not relevant to Plaintiffs' claims against the SFA mineral withdrawal and do not impact the pending motions for partial summary judgment. Those motions remain ripe for disposition.

PLAINTIFFS' STATUS REPORT – 2

Dated this 2nd day of February, 2021.		Respectfully submitted,

*/s/ Sarah Stellberg*
Sarah Stellberg (ISB #10538)
Laurence ("Laird") J. Lucas (ISB # 4733)
Todd C. Tucci (ISB # 6526)
ADVOCATES FOR THE WEST

*Attorneys for Plaintiffs*

PLAINTIFFS' STATUS REPORT – 3