RAFAEL M. GONZALEZ, JR.
Acting United States Attorney
CHRISTINE G. ENGLAND, Idaho State Bar No. 11390
Assistant United States Attorney
District of Idaho
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (208) 334-1211; Fax: (208) 334-9375
Email: Christine.England@usdoj.gov

JEAN E. WILLIAMS
Acting Assistant Attorney General
LUTHER L. HAJEK, CO Bar No. 44303
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1376; Fax: (303) 844-1350
E-mail: luke.hajek@usdoj.gov

*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*,<br><br>　　　Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF THE INTERIOR, *et al.*,<br><br>　　　Defendants. | Case No. 1:16-cv-00083-BLW<br><br>**DEFENDANTS' STATUS REPORT IN RESPONSE TO THE COURT'S MARCH 10, 2021 ORDER** |

Defendants U.S. Department of the Interior *et al.* hereby submit this status report pursuant to the Court's March 10, 2021 Order, ECF No. 277.

By way of brief background, this case began as a challenge to the U.S. Bureau of Land Management's ("BLM") and the U.S. Forest Service's land use plan amendments regarding Greater Sage Grouse ("Sage Grouse") conservation that were issued in 2015 (the "2015 Plans"). *See, e.g.*, 80 Fed. Reg. 57,633 (Sept. 24, 2015) (notice of BLM's Great Basin Region Record of Decision approving plan amendments). Several other challenges to the 2015 plans were brought by states and industry groups. Those challenges led to two decisions, both of which are on appeal. *See W. Exploration, LLC v. U.S. Dep't of the Interior*, 250 F. Supp. 3d 718 (D. Nev. 2017) (finding a NEPA violation, but not enjoining the 2015 Plans), *appeal docketed*, No. 17-16220 (9th Cir. June 13, 2017); *Otter v. Jewell*, 227 F. Supp. 3d 117 (D.D.C. 2017) (finding that the State of Idaho lacked standing to challenge the 2015 Plans), *appeal docketed*, No. 17-5050 (D.C. Cir. Mar. 28, 2017).

In early 2017, following the change in administrations, the agencies initiated a new planning process to revisit the 2015 Plans. *See* 82 Fed. Reg. 47,248 (Oct. 11, 2017) (notice of intent to initiate a land use planning process). Following a planning process, BLM issued six new plan amendments governing public lands in Oregon, Colorado, Idaho, Utah, Nevada/Northeastern California, and Wyoming (the "2019 Plans"). *See, e.g.*, 84 Fed. Reg. 10,325 (Mar. 20, 2019) (notice of availability of the Idaho plan). Plaintiffs filed a supplemental complaint challenging the 2019 Plans. *See* First Supp. Compl. ¶¶ 143-78, ECF No. 139. Plaintiffs also brought two additional claims challenging the Department of the Interior's decision to cancel a proposal to withdraw certain lands from location and entry under the mining

laws and the Department of the Interior's policy regarding compensatory mitigation. *See id.* ¶¶ 179-93.

In October 2019, the Court issued an order enjoining the 2019 Plans. *See* Oct. 16, 2019 Mem. Decision and Order, ECF No. 189. The Court enjoined BLM from implementing the 2019 Plans "until such time as the Court can adjudicate the claims on the merits" and further ordered that the "2015 Plans remain in effect during this time." *Id.* at 29. Subsequently, BLM initiated a supplemental NEPA process in order to remedy the legal deficiencies identified by the Court. On February 21, 2020, BLM published six draft Supplemental Environmental Impact Statements ("SEISs") to "supplement and clarify the NEPA analysis BLM relied on in approving its 2019 Sage Grouse Plan Amendments." *See, e.g.*, 85 Fed. Reg. 10,185 (Feb. 21, 2020) (notice of draft SEIS regarding the Idaho plan). BLM issued final SEISs on November 20, 2020. On January 11, 2021, BLM published six records of decision completing the supplemental NEPA processes. *See, e.g.*, 86 Fed. Reg. 3,180 (Jan. 14, 2021) (notice of availability of the Idaho plan). Those records of decision affirmed the 2019 Plans. The parties have not yet briefed summary judgment on the claims challenging the 2019 Plans.

The parties separately briefed Plaintiffs' challenge to Interior's decision to cancel the proposed withdrawal of lands from mineral entry. In February 2021, the Court issued an order granting partial summary judgment to Plaintiffs on that claim and remanding the action back to the Department of the Interior. *See* Feb. 11, 2021 Mem. Decision and Order, ECF No. 264. The Court ordered BLM to conduct further proceedings consistent with the order and instructed that those "proceedings shall include re-initiation of the NEPA process." *Id.* at 78. The Department of the Interior intends to comply with the Court's order and is discussing the possible next steps within the agency. The likely next step will be the circulation of a draft NEPA document for

review. Before that can occur, however, the Department needs to determine whether the existing NEPA analysis should be revised before distributing to the public. At this point, it is uncertain when BLM will circulate a draft NEPA document, but the agency expects to do so in the near future.

The parties have not yet briefed the Plaintiffs' Sixth Claim regarding the Department of the Interior's then-existing policy regarding compensatory mitigation. *See* First Supp. Compl. ¶¶ 188-93. That claim was directed towards policies initiated during the prior administration and set forth in certain Secretary's orders and guidance documents, including Secretary's Order ("SO") Nos. 3349 and 3360, Solicitor's Office M-Opinion M-37046 and Instruction Memorandum ("IM") 2019-018. *Id.* ¶ 189. Following her confirmation, Secretary of the Interior Debra Haaland issued Secretary's Order No. 3398 (Apr. 16, 2021), available at: https://www.doi.gov. That order rescinds SO Nos. 3349 and 3360. *Id.* § 4. SO 3398 also directs Department of the Interior staff to "review and revise as necessary all policies and instructions that implemented" the SOs revoked by the order. *Id.* § 5. The Department of the Interior expects that, during the course of that process, M-37046 and IM 2019-018 will be rescinded or revised, but that has not yet occurred. As a result of the issuance of SO 3398 and the required review of Interior Department policies, Defendants expect that Plaintiffs' compensatory mitigation claim will become moot and that briefing of the claim will not be necessary.

What remains to be litigated are the merits of Plaintiffs' claims challenging the 2019 Plans and the challenges to the 2015 Plans. As discussed above, the Court issued a preliminary injunction regarding the 2019 Plans, but the case has not yet been resolved on the merits. As indicated at the March status conference, the Department of the Interior is currently evaluating the existing Sage Grouse plans and intends to initiate a new planning process soon. No decision

has yet been made to initiate such a planning process or to determine what the planning process may entail, although it would likely address inclusion of any new information and revisiting the deficiencies previously identified by the Court. New officials within the Department of the Interior are continuing to familiarize themselves with existing plans and policies and the litigation surrounding them. Although Secretary Haaland was confirmed in April, a nominee for BLM Director has only recently been put forward and has not yet been confirmed. Accordingly, Defendants expect that it will be at least several more weeks until BLM settles on a decision regarding a new planning process.

In addition, the Forest Service continues to work on a planning process that was initiated in 2017. The Forest Service issued a Final EIS and draft records of decision for Proposed Land Management Plan Amendments for pre-decisional objections on July 31, 2019. *See* https://www.govinfo.gov/content/pkg/FR-2019-07-31/pdf/2019-16283.pdf. Under Forest Service regulations, the Final EISs and draft records of decision were subject to a pre-decisional objection process. *See* 36 C.F.R. 219 subpart B. The period for filing objections closed on October 1, 2019, and the Forest Service sent responses to the objections on August 31, 2020. The Forest Service is working on final records of decisions, and it is uncertain when those decisions may be issued.

In light of the foregoing, Defendants request that these proceedings continue to be put on hold for an additional sixty days, at which point Defendants will provide a further update regarding the agencies' respective policies and planning processes with respect to Sage Grouse conservation. The agencies may take actions, or initiate planning, that would obviate the need to proceed to the merits of the claims regarding compensatory mitigation policy and the 2019 Plans. Allowing the agencies this additional time would preserve the parties' and the Court's resources

by avoiding potentially unnecessary litigation. Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency. *See Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.") (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Respectfully submitted this 10th day of May, 2021,

<div style="margin-left:3em">

RAFAEL M. GONZALEZ, JR.
Acting United States Attorney
CHRISTINE G. ENGLAND, Idaho State Bar No. 11390
Assistant United States Attorney
District of Idaho
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (208) 334-1211; Fax: (208) 334-9375
Email: Christine.England@usdoj.gov

JEAN E. WILLIAMS
Acting Assistant Attorney General

LUTHER L. HAJEK, CO Bar No. 44303
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
Tel: (303) 844-1376; Fax: (303) 844-1350
E-mail: luke.hajek@usdoj.gov

*Attorneys for Defendants*

</div>

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2021, I caused the foregoing to be electronically filed with the Court using the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Counsel for Plaintiff Western Watersheds Project

Laurence J. Lucas
llucas@advocateswest.org

Sarah Stellberg
sstellberg@advocateswest.org

Todd C. Tucci
ttucci@advocateswest.org

Counsel for Intervenor-Defendant Western Energy Alliance

Bret A. Sumner
bsumner@bwenergylaw.com

Malinda Morain
mmorain@bwenergylaw.com

Cherese De'Dominiq McLean
cdm@msbtlaw.com

Brian G. Sheldon
brian@mslegal.org

Intervenor-Defendants Wyoming Stock Growers Ass'n and Petroleum Ass'n of Wyoming

David C. McDonald
dmcdonald@mslegal.org

John L. Runft
JRunft@runftsteele.com

Intervenor-Defendants Idaho Power Co. and Pacificorp

Andrew J. Pieper
andrew.pieper@stoel.com

Beth S. Ginsberg
bginsberg@stoel.com

Kevin J. Beaton
kjbeaton@stoel.com

Jason T. Morgan
jtmorgan@stoel.com

Intervenor-Defendant State of Wyoming

Elliot John Adler
elliott.adler@wyo.gov

James Kaste
james.kaste@wyo.gov

Intervenor-Defendants National Cattlemen's Beef Ass'n and Public Lands Council

Caroline Lobdell
clobdell@wrlegal.org

Candice M. McHugh
cmmchugh@mchughbromley.com

Christopher M. Bromley
cbromley@mchughbromley.com

Intervenor-Defendants State of Utah, Governor Gary R. Herbert, and School and Inst. Trust Lands Admin.

Laurence M. Bogert
mbogert@parsonsbehle.com

Robert H. Hughes
rhughes@parsonsbehle.com

William Gerry Myers III
wmyers@hollandhart.com

Intervenor Defendant State of Idaho

Steven W. Strack
steve.strack@ag.idaho.gov

Intervernor-Defendant Governor Brad Little

Brian C. Wonderlich

brian.wonderlich@gov.idaho.gov

Samuel J. Eaton
sam.eaton@gov.idaho.gov

Intervenor-Defendant Idaho State Legislature

Erika E. Malmen
emalmen@perkinscoie.com

Amicus Idaho Conservation League

Matthew A. Nykiel
mnykiel@idahoconservation.org

                                                */s/ Luther L. Hajek*
                                                Luther L. Hajek