Alison Hunter (ISB # 8997)
Laura Granier (*Pro hac vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID 83701-2527
(208) 342-5000
achunter@hollandhart.com
lkgranier@hollandhart.com

*Counsel for Intervenor-Defendants*
*Elko County, Eureka County, Humboldt*
*County, Western Exploration LLC*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, WILDEARTH GUARDIANS, CENTER FOR BIOLOGICAL DIVERSITY, and PRAIRIE HILLS AUDUBON SOCIETY, | Case No. 1:16-cv-83-BLW |
| Plaintiffs, | **INTERVENOR-DEFENDANTS' STATUS REPORT RESPONSE** |
| vs. | |
| DAVID BERNHARDT, Acting Secretary of Interior; JOSEPH R. BALASH, Assistant Secretary of Interior; BUREAU OF LAND MANAGEMENT; and U.S. FOREST SERVICE, | |
| Defendants. | |

Intervenor-Defendants Elko County, Eureka County, Humboldt County, and Western Exploration LLC hereby respectfully submit this status report pursuant to the timeline in the Court's May 24, 2021 Order, ECF No. 283, directing any responses to status reports filed by Defendants to be filed within 14 days. On September 7, 2021, Defendants U.S. Department of the Interior *et al*. submitted a status report to the Court regarding Defendants' re-evaluation of sage grouse policy and proposed next steps in this litigation. ECF No. 286.

In 2019, the Court enjoined Defendant Bureau of Land Management ("BLM") "from implementing the 2019 BLM Sage-Grouse Plan Amendments … until such time as the Court can adjudicate the claims on the merits." Oct. 16, 2019 Mem. Decision and Order at 28, ECF No. 189. BLM subsequently initiated a supplemental NEPA process to remedy the issues of concern identified by the Court in its Order. Defendants' Notice of New Decision at 1, ECF No. 254. In November 2020, BLM published the final supplemental environmental impact statements from that process. *See, e.g.*, 2020 Greater Sage-Grouse Final Supplemental Environmental Impact Statement for Idaho (Nov. 19, 2020) ("2020 Idaho FSEIS"). BLM stated in the Idaho FSEIS that it "prepared this FSEIS to address four specific issues [raised by this Court in its preliminary injunction]: the range of alternatives, need to take a hard look at environmental impacts, cumulative effects analysis, and the BLM's approach to compensatory mitigation." 2020 Idaho FSEIS, Executive Summary, at ES-4. Each FSEIS for the other five states' Sage Grouse plans contained identical language that they each were prepared to address the specific issues raised by this Court in its order preliminarily enjoining the 2019 Plans. *See* 2020 Greater Sage-Grouse FSEIS for Wyoming, Executive Summary, at ES-5; 2020 Greater Sage-Grouse FSEIS for Colorado, Executive Summary, at ES-4; 2020 Greater-Sage Grouse FSEIS for Utah, Executive Summary, at ES-4; 2020 Greater Sage-Grouse FSEIS for Nevada and Northeastern California,

INTERVENOR-DEFENDANTS' STATUS REPORT RESPONSE - 1

Executive Summary, at ES-4; 2020 Greater Sage-Grouse FSEIS for Oregon, Executive Summary, at ES-4.  On December 30, 2020 BLM signed records of decision ("RODs") for those six plans, each reaffirming the 2019 Greater Sage-Grouse Approved Resource Plan Amendment.  *See, e.g.*, Record of Decision for the Greater Sage-Grouse SEIS for Idaho at 3 (Jan. 11, 2021).

In Defendants' status response on May 10, 2021, Defendants observed that the 2020 RODs "complet[ed] the supplemental NEPA processes" for the 2019 Sage Grouse Amendments.  Defendants' Status Report at 2, ECF No. 282.  Defendants' status report filed on September 7, 2021 understood that those 2020 RODs addressed the issues raised in the district court's preliminary injunction but discussed Defendants' plans to again "revisit" those issues.  Defendants' Status Report at 2, ECF No. 286.

Because the 2020 RODs fully respond to the issues of concern the Court identified in its Order issuing a preliminary injunction, ECF No. 189, there is no basis for the Court to delay this case for an indefinite period of time while Defendants begin an entirely new planning process.  *See* Defendants' Status Report at 2–3, ECF No. 286; *see also Native Vill. of Nuiqsut v. BLM*, No. 20-35224, --F.4th--, 2021 U.S. App. LEXIS 25323, at *23 (9th Cir. Aug. 24, 2021) (acknowledging that although BLM "advises that … [it] 'is currently reviewing the 2020 IAP/EIS and ROD' …. [t]he process for revising the 2020 IAP/EIS or adopting a new IAP/EIS could take months or years …. [and] the 2020 IAP/EIS still technically bind[] the BLM….").  The 2020 RODs have never been enjoined by any Court, to Intervenor-Defendants' knowledge and, therefore, are legally effective.

The injunction on the 2019 Plans should be dissolved because the 2020 RODs addressed the concerns observed by this Court.  *See Defs. of Wildlife v. U.S. Army Corps of Eng'rs*, No. CV-15-14-GF-BMM, 2017 U.S. Dist. LEXIS 59659, at *17 (D. Mont. Apr. 19, 2017) (dissolving the

INTERVENOR-DEFENDANTS' STATUS REPORT RESPONSE - 2

preliminary injunction because the "Federal Defendants[' new EIS and ROD] have remedied the deficiencies the Court highlighted"); *see also Concerned Friends of the Winema v. McKay*, No. 1:19-cv-00516-MC, 2019 U.S. Dist. LEXIS 113277, at *8 (D. Or. July 9, 2019) (observing that after a new FEIS and final ROD, the Forest Service moved to dissolve a preliminary injunction preventing grazing on a particular pasture and "[t]he motion was ultimately resolved in the Government's favor"). Intervenor-Defendants also maintain that the 2020 RODs moot Plaintiffs' claims regarding the 2019 RODs by incorporating "different criteria [and] factors" into the 2020 SEISs and RODs and that those claims should be dismissed. *Ramsey v. Kantor*, 96 F.3d 434, 446 (9th Cir. 1996); *see also Defs. of Wildlife*, 2017 U.S. Dist. LEXIS 59659, at *17–18. Intervenor-Defendants respectfully submit the stay should be lifted on this case, ECF No. 283, and the claims relating to the 2019 RODs dismissed as moot.

Respectfully submitted this 21st day of September, 2021.

By: /s/ Laura Granier
Alison Hunter (ISB # 8997)
Laura Granier (*Pro hac vice*)
HOLLAND & HART LLP
800 W. Main Street, Suite 1750
P.O. Box 2527
Boise, ID 83701-2527
(208) 342-5000
achunter@hollandhart.com
lkgranier@hollandhart.com

*Counsel for Intervenor-Defendants Elko County, Eureka County, Humboldt County, & Western Exploration LLC*

INTERVENOR-DEFENDANTS' STATUS REPORT RESPONSE - 3

**Certificate of Service**

      I HEREBY CERTIFY that on the 21st day of September, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Laurence J. Lucas<br>llucas@advocateswest.org<br>Sarah Stellberg<br>sstellberg@advocateswest.org<br>Todd C. Tucci<br>ttucci@advocateswest.org<br>*Counsel for Plaintiffs* | Luther L. Hajek<br>luke.hajek@usdoj.gov<br>Barclay T. Samford<br>clay.samford@usdoj.gov<br>Clare Boronow<br>clare.boronow@usdoj.gov<br>Christine Gealy England<br>christine.england@usdoj.gov<br>*Counsel for Federal Defendants* |
| Bret A. Sumner<br>bsumner@bwenergylaw.com<br>Malinda Morain<br>mmorain@bwenergylaw.com<br>Paul A. Turcke<br>pat@msbtlaw.com<br>Cherese De'Dominiq McLain<br>cdm@msbtlaw.com<br>*Counsel for Intervenor Defendant Western Energy Alliance* | David C. McDonald<br>dmcdonald@mslegal.org<br>John L. Runft<br>jrunft@runftsteele.com<br>*Counsel for Intervenors Defendants Wyoming Stockgrowers Association and Petroleum Association of Wyoming* |
| Andrew J. Pieper<br>andrew.pieper@stoel.com<br>Beth S. Ginsberg<br>bsginsberg@stoel.com<br>Kevin J. Beaton<br>kjbeaton@stoel.com<br>Jason T. Morgan<br>jason.morgan@stoel.com<br>*Counsel for Intervenors Defendants Idaho Power Company and Pacificorp* | Caroline Lobdell<br>clobdell@wrlegal.org<br>Candice M. McHugh<br>cmchugh@mchughbromnley.com<br>Christopher Michael Bromley<br>cbromley@mchughbromley.com<br>*Counsel for Intervenors Defendants National Cattlemen's Beef Association and Public Lands Council* |

INTERVENOR-DEFENDANTS' STATUS REPORT RESPONSE - 4

Erik Peterson
erik.petersen@wyo.gov
James Kaste
James.kasted@wyo.gov
Paul A. Turcke
pat@msbtlaw.com
*Counsel for Intervenor-Defendant State of Wyoming*

William G. Myers III
wmyers@hollandhart.com
Murray D. Feldman
mfeldman@hollandhart.com
*Counsel for Proposed Intervenor-Defendant Governor Gary R. Herbert*

Robert H. Hughes
RHughes@ParsonsBehle.com
*Counsel for Intervenors-Defendants State of Utah and State of Utah School and Institutional Trust Lands Administration*

Steven W. Strack
steve.strack@ag.idaho.gov
Erika E. Malmen
Emalmen@perkinscoie.com
Brian Wonderlich
Brian.wonderlich@gov.idaho.gov
Samuel J. Eaton
Sam.eaton@gov.idaho.gov
*Counsel for Intervenor-Defendants Idaho State Legislature, Idaho Governor Brad Little*

David C. McDonald
dmcdonald@mslegal.org
Brian Gregg Sheldon
brian@mslegal.org
John L. Runft
jrunft@runftsteele.com
*Counsel for Intervenor-Defendants Petroleum Association of Wyoming and Western Stock Growers Association*

  /s/ Laura K. Granier
for HOLLAND & HART LLP

17419462_v3

INTERVENOR-DEFENDANTS' STATUS REPORT RESPONSE - 5