Laurence J. ("Laird") Lucas (ISB # 4733)
llucas@advocateswest.org
Sarah Stellberg (ISB #10538)
sstellberg@advocateswest.org
Todd C. Tucci (ISB # 6526)
ttucci@advocateswest.org
Advocates for the West
P.O. Box 1612
Boise, ID 83701
(208) 342-7024
(208) 342-8286 (fax)

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID BERNHARDT, Secretary of Interior, et al.,<br><br>Defendants. | Case No. 1:16-cv-00083-BLW<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' STATUS REPORT** |

Plaintiffs submit this response to Federal Defendants' status report of September 7, 2021 (ECF No. 286) and the Court's Order of May 24, 2021 (ECF No. 283), directing responses to be filed in fourteen days:

First, as stated in Federal Defendants' latest status report, the Bureau of Land Management (Bureau) published a Federal Register notice on August 13, 2021, to reinitiate a NEPA planning process for the proposed mineral withdrawal of Sagebrush Focal Areas (SFAs), in response to the Court's Memorandum Decision and Order of February 11, 2021 (ECF No. 264), granting summary judgment on Plaintiffs' Fifth Supplemental Claim for Relief challenging

PLAINTIFFS' STATUS REPORT RESPONSE – 1

the prior Administration's cancellation of that proposed mineral withdrawal.  See First Supplemental Complaint (ECF No. 139), paragraphs 179-187.  Plaintiffs believe that in light of the Court's ruling and the new NEPA process launched by the Bureau, Plaintiffs' Fifth Supplemental Claim for Relief has been resolved.

Second, Federal Defendants' status report also advised the Court that the Secretary of Interior recently revoked Secretarial Orders 3349 and 3360 and directed Department of Interior staff to review Interior's compensatory mitigation policies. Plaintiffs' Sixth Supplemental Claim for Relief challenged those Secretarial Orders along with an Interior Solicitor Opinion and other actions relating to Interior's compensatory mitigation authority and actions under the prior Administration.  *See* ECF No. 139, paragraphs 188-193.  The recent actions taken by Federal Defendants regarding Interior's compensatory mitigation policy have not fully resolved those challenges, but Plaintiffs agree with Federal Defendants that further litigation on the Sixth Supplemental Claim for Relief should be put on hold for at least 60 days more while Interior reviews its policies and determines its next steps on compensatory mitigation.

Third, Federal Defendants' status report advises that both the Bureau and Forest Service are evaluating their Sage-Grouse Land Use Plans; and that BLM intends to publish a Federal Register notice soon announcing a new planning process, while Forest Service is evaluating its proposed land use plan amendments.  In light of these developments, Plaintiffs concur with Federal Defendants that litigation over the prior Administration's 2019 Sage-Grouse Plan Amendments, as challenged in Plaintiffs' First, Second, Third and Fourth Supplemental Claims for Relief, should also be put on hold for at least another sixty days.

Plaintiffs also briefly respond here to the Status Report submitted this date by Intervenors Elko County *et al.* (ECF No. 287). Contrary to Intervenors' assertion, BLM's publication of

PLAINTIFFS' STATUS REPORT RESPONSE – 2

Supplemental Environmental Impact Statements (SEISs) in November 2020 and related Records of Decision (RODs) in late 2020 and early 2021 did not modify the Bureau's 2019 Greater Sage-Grouse Land Use Plan Amendments, which this Court enjoined in its October 2019 Preliminary Injunction Order (ECF No. 189), and they do not somehow render that October 2019 Preliminary Injunction moot or dissolved.

As Federal Defendants previously advised the Court, the Bureau initiated that SEIS process "to supplement and clarify the NEPA analysis BLM relied on *in approving its 2019 Sage Grouse Plan Amendments*." See ECF No. 254 (emphasis added); *see also, e.g.*, Notice of Availability of the Final Idaho Sage Grouse Supplemental Environmental Impact Statement, 85 Fed. Reg. 74,380 (Nov. 20, 2020) (similarly explaining that the purpose of the SEISs was to "clarify" and "augment" the NEPA analysis that supported the 2019 Plan Amendments). Under NEPA, an EIS must be completed "early enough so that it can serve practically as an important contribution to the decision-making process and will not be used to rationalize or justify decisions already made", and the Ninth Circuit has made clear that agencies cannot "cure" a NEPA violation with analysis that post-dates the relevant decision. 40 C.F.R. § 1502.5; *see also Idaho Sporting Cong. Inc. v. Alexander*, 222 F.3d 562, 568 (9th Cir. 2000); *Save the Yaak Comm. v. Block*, 840 F.2d 714, 718–19 (9th Cir. 1988) (both rejecting agency attempts to cure deficient NEPA analysis after the relevant decision had already been made). The prior Administration's SEISs thus do not affect the Court's Preliminary Injunction or somehow require that it be dissolved, as the Elko County Intervenors suggest.

Plaintiffs thus concur in Federal Defendants' status report requesting that the Court continue to keep on hold litigation in this matter for at least sixty more days, while the new

PLAINTIFFS' STATUS REPORT RESPONSE – 3

Administration determines its next steps with respect to sage-grouse land use planning and compensatory mitigation.

Dated this 21st day of September, 2021.                Respectfully submitted,

*/s/ Laird J. Lucas*
Sarah Stellberg (ISB #10538)
Laurence ("Laird") J. Lucas (ISB # 4733)
Todd C. Tucci (ISB # 6526)
ADVOCATES FOR THE WEST

*Attorneys for Plaintiffs*