BART M. DAVIS, Idaho State Bar No. 2692
United States Attorney
CHRISTINE G. ENGLAND, Idaho State Bar No. 11390
Assistant United States Attorney
District of Idaho
1290 West Myrtle Street, Suite 500
Boise, ID  83702
Tel: (208) 334-1211; Fax: (208) 334-9375
Email: Christine.England@usdoj.gov

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
LUTHER L. HAJEK, CO Bar No. 44303
EMMA L. HAMILTON, CA Bar No. 325360
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, North Terrace, Suite 600
Denver, CO 80202
Tel: (303) 241-0826; Fax: (303) 844-1350
E-mail: luke.hajek@usdoj.gov
        emma.hamilton@usdoj.gov

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| WESTERN WATERSHEDS PROJECT, *et al.*, | )<br>)<br>) Case No. 1:16-cv-00083-AKB |
| Plaintiffs, | )<br>) |
| v. | )<br>) **DEFENDANTS' OPPOSITION TO** |
| | ) **PLAINTIFFS' MOTION FOR LEAVE** |
| | ) **TO FILE A SURREPLY TO** |
| U.S. DEPARTMENT OF THE | ) **DEFENDANTS' MOTION TO** |
| INTERIOR, *et al.*, | ) **DISSOLVE PRELIMINARY** |
| | ) **INJUNCTION** |
| Defendants, | )<br>) |
| and | )<br>) |
| WESTERN ENERGY ALLIANCE, *et al.*, | )<br>) |
| Intervenor-Defendants. | )<br>) |

Defendants' Opposition to Plaintiffs' Motion for Leave to File a
Surreply to Defendants' Motion to Dissolve Preliminary Injunction

Plaintiffs' Motion for Leave to File a Surreply ("Pls. Mot."), Dkt. No. 372, should be denied because the proposed surreply, Dkt. No. 372-1, largely rehashes arguments that Plaintiffs made in response to Defendants' motion.  Plaintiffs point out that Defendants' reply brief referred to additional National Environmental Policy Act ("NEPA") analyses that the U.S. Bureau of Land Management ("BLM") conducted in 2020, but those analyses were referenced in Defendants' initial motion and address contentions made by Plaintiffs in their response.

A court may allow a party to file a surreply when the opposing party raises new arguments in a reply.  *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003). But where the purported new arguments in the reply merely respond to arguments in the opposition, the court should not grant leave to file a surreply.  *Gomez v. United Refrigeration, Inc.*, No. CV 25-01409-RAO, 2025 WL 4058284, at *2 (C.D. Cal. Oct. 29, 2025) ("[T]he Court finds that the two allegedly new arguments that Defendant faults Plaintiff for raising the first time in his reply are merely responses to Defendants' Opposition."); *Appel v. Concierge Auctions, LLC*, No. 17-cv-02262-BAS-MDD, 2018 WL 1773479, at *2 (S.D. Cal. Apr. 13, 2018) (denying motion for leave to file a surreply where the "purported new arguments [were] responses to arguments raised in Plaintiff's opposition").

Here, the Court should deny the motion for leave to file a surreply because Defendants' reply arguments were responsive to arguments made in Plaintiffs' Response to Defendants' Motion to Dissolve Preliminary Injunction ("Pls. Resp."), Dkt. No. 355, and Plaintiffs have not carried their burden of showing otherwise.  Plaintiffs offer no grounds for two of the arguments that they seek to make in their Proposed Surreply—the arguments about the scope of the planning and NEPA process leading to the 2025 Sage Grouse Plan Amendments and irreparable

harm.  *See* Proposed Surreply at 1-2, 4.  Because those arguments merely repeat arguments that Plaintiffs made in their response, they should not be allowed.

Plaintiffs offer a third argument addressing the 2020 Supplemental Environmental Impact Statements ("SEIS") prepared by BLM after the Court issued its preliminary injunction in 2019.  *See* Proposed Surreply at 2-3.  The existence of the 2020 SEISs is not new to the briefing: Defendants referred to the SEISs in their motion.  Defs. Mot. to Dissolve Prelim. Inj. at 2-3, Dkt. No. 348.  Plaintiffs object that Defendants did not raise the 2020 SEISs specifically in their argument that the injunction should be dissolved, but relied on the SEISs in the argument in the reply.  *See* Proposed Surreply at 2-3.  Defendants did so merely to respond to Plaintiffs' argument that there had been no new NEPA analysis for *all* of the provisions in the 2019 Plan Amendments.  *See* Pls.' Resp. at 12-13.  In fact, as Plaintiffs are aware, an analysis of the impacts relating to the 2019 Plans was conducted in the 2020 SEISs.  The 2020 SEISs are not central to Defendants' arguments that the 2019 preliminary injunction should be dissolved.  Instead, Defendants rely primarily on the comprehensive NEPA process leading to the 2025 Plan Amendments, as discussed in our prior briefing.  In sum, Plaintiffs' request to file a surreply should be denied.

Respectfully submitted this 17th day of April 2026,

<div style="margin-left:40%">

BART M. DAVIS, Idaho State Bar No. 2696
United States Attorney
CHRISTINE G. ENGLAND, Idaho Bar No. 11390
Assistant United States Attorney
District of Idaho
1290 West Myrtle Street, Suite 500
Boise, ID  83702
Tel: (208) 334-1211; Fax: (208) 334-9375
Email: Christine.England@usdoj.gov

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

</div>

Defendants' Opposition to Plaintiffs' Motion for Leave to File a
Surreply to Defendants' Motion to Dissolve Preliminary Injunction                    2

/s/ Luther L Hajek
LUTHER L. HAJEK, CO Bar No. 44303
EMMA L. HAMILTON, CA Bar No. 325360
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
999 18th Street, North Terrace, Suite 600
Denver, CO 80202
Tel: (303) 241-0826
Fax: (303) 844-1350
E-mail: luke.hajek@usdoj.gov
          emma.hamilton@usdoj.gov

*Attorneys for Defendants*